# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

YETI Coolers, LLC,

      **Plaintiff,**

      v.

**Green Foundations Ltd.,**
**d/b/a Greens Steel,**

      **Defendant.**

**Case: 1:20-cv-00075**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

  (1) TRADEMARK INFRINGEMENT AND COUNTERFEITING IN VIOLATION OF 15 U.S.C. § 1114(1);
  (2) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);
  (3) TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);
  (4) TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;
  (5) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);
  (6) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);
  (7) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);
  (8) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;
  (9) COMMON LAW TRADE DRESS INFRINGEMENT;
  (10) COMMON LAW TRADEMARK INFRINGEMENT;
  (11) COMMON LAW UNFAIR COMPETITION;
  (12) COMMON LAW MISAPPROPRIATION; AND
  (13) UNJUST ENRICHMENT.

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Green Foundations Ltd., d/b/a Greens Steel ("Greens Steel"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, Green Foundations Ltd., d/b/a Greens Steel is a company organized and existing under the laws of the United Kingdom with a principal place of business at 130 Broomswood Road, London, England, SW11 6JZ.

### Jurisdiction and Venue

3.      This is a complaint for damages and injunctive relief based on Greens Steel's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of drinkware, and includes multiple grounds for relief including trade dress and trademark infringement, counterfeiting, trade dress and trademark dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); federal common law; and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Greens Steel because, *inter alia*, Greens Steel is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) Greens Steel has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and

continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, at least through Greens Steel's principal web sites, https://greenssteel.com/, https://www.facebook.com/greenssteel/, https://twitter.com/greenssteel, https://www.instagram.com/greenssteel/, and https://www.amazon.com;  (ii) Greens Steel's tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Greens Steel acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Greens Steel's customers and/or potential customers reside in the State of Texas, including in this District.

6.       Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

## General Allegations – YETI's Intellectual Property

7.       For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its insulated drinkware, including its 30 oz. Rambler® Tumbler and 20 oz. Rambler® Tumbler (collectively, "Rambler® Drinkware"). YETI created unique, distinctive, and non-functional designs to use with YETI's Rambler® Drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's Rambler® Drinkware. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns various rights relating to its Rambler® Drinkware designs.

8.      YETI has enjoyed significant sales of its Rambler® Drinkware throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Rambler® Drinkware.  The design and features of the Rambler® Drinkware have received widespread and unsolicited public attention.   For example, the Rambler® Drinkware has been featured in numerous newspaper, magazine, and Internet articles.

9.      The designs of the Rambler® Drinkware are distinctive and non-functional and identify to consumers that the origin of the Rambler® Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler® Drinkware, YETI's marketing, advertising, and sales of the Rambler® Drinkware, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the design and appearance of the Rambler® Drinkware, which consumers have come to uniquely associate with YETI.

10.      Exemplary images of a YETI 30 oz. Rambler® Tumbler are shown below:



**Illustration 1: Exemplary Images of a YETI 30 oz. Rambler® Tumbler.**

| Illustration 1: Exemplary Images of a YETI 30 oz. Rambler® Tumbler. |
| --- |



11.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the sidewall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations

of the YETI 30 oz. Rambler® Tumbler and tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

12.     Exemplary images of a YETI 20 oz. Rambler® Tumbler are shown below:

**Illustration 2: Exemplary Images of a YETI 20 oz. Rambler® Tumbler.**



13.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 20 oz.

Rambler® Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler® Tumbler and tumbler lid of the YETI 20 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

14.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress in its Rambler® Drinkware has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

15.     YETI has also used the trademark "RAMBLER" throughout the United States and in the State of Texas generally and in geographic areas in Texas in connection with its goods and services, including at least its beverageware.

16.     In view of YETI's extensive and continuous use of "RAMBLER," consumers have come to associate "RAMBLER" as a source identifier of YETI, and YETI owns trademark rights in this mark.  Further, YETI owns several trademark registrations, including

i.      Trademark Registration No. 4,871,725 ("the '725 Registration") for "YETI RAMBLER COLSTER" for stainless steel drink holders;

ii.     Trademark Registration No. 4,998,897 ("the '897 Registration") for "RAMBLER" for jugs;

iii.    Trademark Registration No. 5,233,441 ("the '441 Registration") for "RAMBLER" for beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; stainless steel tumblers for use as drinking vessels; stainless steel drinking glasses; stainless steel beverageware; drinking straws;

iv.     Trademark Registration No. 5,380,505 ("the '505 Registration") for "RAMBLER" for handles for beverageware;

v.      Trademark Registration No. 5,409,905 ("the '905 Registration") for "YETI RAMBLER" for beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; insulating sleeve holder for beverage cups; thermal insulated drink holder; portable stainless steel drink holders for holding individual cups, cans, and bottles; stainless steel tumblers for use as drinking vessels; stainless steel drinking glasses; stainless steel beverageware.

Copies of these trademark registrations are attached as Exhibits 1-5.  YETI also has common law

rights in the "RAMBLER" trademark based on YETI's use of "RAMBLER" in commerce in connection with YETI's goods and services, including, *inter alia*, beverageware. YETI's rights in the "RAMBLER" trademark, including the '725 Registration, the '897 Registration, the '441 Registration, the '505 Registration, the '905 Registration, and its common law rights, are collectively referred to as "YETI's Rambler Trademarks."

17. As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of YETI's Rambler Trademarks, YETI's exclusive, continuous, and substantial advertising and promoting of products bearing YETI's Rambler Trademarks, and the publicity and attention that has been paid to YETI's Rambler Trademarks, these trademarks have become famous in the United States and in the State of Texas generally and in geographic areas in Texas and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's Rambler Trademarks as source identifiers of YETI.

### General Allegations – Greens Steel's Unlawful Activities

18. Greens Steel has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate YETI's rights, including YETI's trade dress rights. Greens Steel's infringing products are confusingly similar imitations of YETI's products.

19. Greens Steel has also unlawfully used and continues to unlawfully use YETI's Rambler Trademarks and/or colorable imitations thereof, including using at least "Rambler," in *inter alia*, advertising, promoting, offering to sell, selling, and distributing Greens Steel's infringing products, and is thereby infringing and diluting YETI's Rambler Trademarks and

intentionally trading on YETI's goodwill.   Greens Steel's actions have all been without the authorization of YETI.

20.     Greens Steel's infringing drinkware products include at least its 30 oz. tumblers and 20 oz. tumblers. Exemplary images of Greens Steel's infringing drinkware products are shown below:

| Illustration 3:  Exemplary Image of Greens Steel's Infringing 30 oz. Tumbler Product. |
| :--- |
|  |

**Illustration 4: Exemplary Image of Greens Steel's Infringing 20 oz. Tumbler Product.**



21.     As a result of Greens Steel's activities, there is a likelihood of confusion between Greens Steel and its products on the one hand, and YETI and its products on the other hand.

22.     In addition to infringing and diluting YETI's trade dress, Greens Steel has also unlawfully used and continues to unlawfully use YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, in *inter alia*, advertising, promoting, offering to sell, selling, and distributing Greens Steel's infringing products, and is thereby infringing and diluting YETI's Rambler Trademarks and intentionally trading on YETI's goodwill.

23.     Greens Steel has used and continues to use YETI's Rambler Trademarks and/or colorable imitations thereof, including in connection with advertising, promoting, offering to sell, selling, and distributing the infringing products. Screenshots showing examples of Greens Steel's infringing uses of YETI's Rambler Trademarks and/or colorable imitations thereof are shown below.

11

**Illustration 5:  Examples of Greens Steel's Infringing Uses of "Rambler" (from Amazon) (highlighting added).**



24.    YETI used its trade dress and Rambler Trademarks extensively and continuously before Greens Steel began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.  Moreover, YETI's trade dress and YETI's Rambler Trademarks became famous and acquired secondary meaning in the United

States and in the State of Texas generally and in geographic areas in Texas before Greens Steel commenced its unlawful use of YETI's trade dress and YETI's Rambler Trademarks.

25.    As a result of Greens Steel's activities related to its use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, there is a likelihood of confusion between Greens Steel and its products on the one hand, and YETI and its products on the other hand.

26.    Greens Steel's use of YETI's trade dress and YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by Greens Steel's direct copying of YETI's products and YETI's Rambler trademarks.

**Count I:**
**Trademark Infringement and Counterfeiting**
**under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

27.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28.    Based on the activities described above, including, for example, Greens Steel using YETI's federally registered trademarks, including at least the trademarks protected by the '725 Registration, the '897 Registration, the '441 Registration, the '505 Registration, and the '905 Registration, and/or colorable imitations thereof, including using at least "Rambler," in connection with advertising, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Greens Steel has infringed YETI's federally registered trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Greens Steel's use of YETI's federally registered trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive.

29.     Greens Steel's use of YETI's federally registered trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's federally registered trademarks, YETI's products, and YETI.

30.     On information and belief, Greens Steel's use of YETI's federally registered trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by Greens Steel's unlawful use of YETI's federally registered trademarks and/or colorable imitations thereof to sell the infringing products, Greens Steel's infringements of YETI's other rights, and Greens Steel's continuing disregard for YETI's rights.

31.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count II:**
**Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

32.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33.     Based on the activities described above, including, for example, Greens Steel's use of YETI's Rambler Trademarks and/or colorable imitations thereof, including using at least "Rambler," Greens Steel violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Greens Steel's use of YETI's Rambler Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Greens

Steel with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

34.     YETI's Rambler Trademarks are entitled to protection under the Lanham Act. YETI's Rambler Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's Rambler Trademarks in the United States.  Through that extensive and continuous use, YETI's Rambler Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Rambler Trademarks acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof in connection with the infringing products.

35.     Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Rambler Trademarks, YETI's products, and YETI.

36.     On information and belief, Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by Greens Steel's unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof to sell

the infringing products, Greens Steel's infringement of YETI's other rights, and Greens Steel's continuing disregard for YETI's rights.

37.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

38.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39.     Based on the activities described above, including, for example, Greens Steel's use of YETI's Rambler Trademarks and/or colorable imitations thereof, including using at least "Rambler," Greens Steel is likely to dilute, has diluted, and continues to dilute YETI's famous Rambler Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, is likely to cause, and has caused, dilution of YETI's famous Rambler Trademarks at least by eroding the public's exclusive identification of YETI's famous Rambler Trademarks with YETI and YETI's products, by lessening the capacity of YETI's famous Rambler Trademarks to identify and distinguish YETI's products, by associating YETI's famous Rambler Trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous Rambler Trademarks.

40.     YETI's Rambler Trademarks are famous and are entitled to protection under the Lanham Act.   YETI's Rambler Trademarks are inherently distinctive.   YETI's Rambler Trademarks also have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's Rambler Trademarks in the United States.  Through that extensive

and continuous use, YETI's Rambler Trademarks have become famous, well-known indicators of the origin and quality of YETI's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's Rambler Trademarks became famous and acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof in connection with the infringing products.

41.     Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Rambler Trademarks, YETI's products, and YETI.

42.     On information and belief, Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious. Greens Steel's bad faith is evidenced at least by Greens Steel's unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof to sell the infringing products, Greens Steel's infringement of YETI's other rights, and Greens Steel's continuing disregard for YETI's rights.

43.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

17

**Count IV:**
**Trademark Dilution under Tex. Bus. & Com. Code § 16.103**

44.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     Based on the activities described above, including, for example, Greens Steel's use of YETI's Rambler Trademarks and/or colorable imitations thereof, including using at least "Rambler," Greens Steel is likely to dilute, has diluted, and continues to dilute YETI's Rambler Trademarks in violation § 16.103 of the Texas Business & Commerce Code.  Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous Rambler Trademarks at least by eroding the public's exclusive identification of YETI's Rambler Trademarks with YETI, by lessening the capacity of YETI's famous Rambler Trademarks to identify and distinguish YETI's products, and by impairing the distinctiveness of YETI's famous Rambler Trademarks.

46.     YETI's Rambler Trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used its Trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's Rambler Trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's Rambler Trademarks are widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's Rambler Trademarks became famous and acquired this secondary meaning before

Greens Steel commenced its unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof in connection with the infringing products.

47.     Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Rambler Trademarks, YETI's products, and YETI.

48.     On information and belief, Greens Steel's use of YETI's Rambler Trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by Greens Steel's unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof to sell the infringing products, and by Greens Steel's continuing disregard for YETI's rights.

49.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

50.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 49 as though fully set forth herein.

51.     Greens Steel's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.  Greens Steel's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the

affiliation, connection, and/or association of Greens Steel with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

52.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's trade dress in connection with the infringing products.

53.     Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

54.     On information and belief, Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Greens Steel's continuing disregard for YETI's rights.

55.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

56.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 55 as though fully set forth herein.

57.     Based on the activities described above, including, for example, Greens Steel's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Greens Steel is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Greens Steel's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

58.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also

acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's trade dress in connection with the infringing products.

59.     Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

60.     On information and belief, Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and Greens Steel's continuing disregard for YETI's rights.

61.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VII:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

62.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

63.     Greens Steel's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Greens Steel has obtained an unfair advantage as

compared to YETI through Greens Steel's use of YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof, including at least "Rambler," and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Greens Steel's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

64.    YETI's trade dress and YETI's Rambler Trademarks are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and Rambler Trademarks in the United States.  Through that extensive and continuous use, YETI's trade dress and YETI's Rambler Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Rambler Trademarks acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's trade dress and YETI's Rambler Trademarks in connection with the infringing products.

65.    Greens Steel's use of YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler Trademarks, YETI's products, and YETI.

66.    On information and belief, Greens Steel's use of YETI's trade dress and YETI's Rambler Trademarks and colorable imitations thereof has been intentional, willful, and

malicious.  Greens Steel's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Greens Steel's continuing disregard for YETI's rights.

67.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count VIII:
## Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103

68.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

69.    Based on the activities described above, including, for example, Greens Steel's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Greens Steel is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code. Greens Steel's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

70.    YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States

and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's trade dress in connection with the infringing products.

71.     Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

72.     On information and belief, Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Greens Steel's continuing disregard for YETI's rights.

73.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Greens Steel's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

### Count IX:
### Common Law Trade Dress Infringement

74.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 73 as though fully set forth herein.

75.     Greens Steel's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Greens Steel's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

76.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's trade dress in connection with its infringing products.

77.     Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

78.     On information and belief, Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Greens Steel's bad faith

is evidenced at least by the similarity of it its infringing products to YETI's trade dress and Greens Steel's continuing disregard for YETI's rights.

79.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Greens Steel's profits, punitive damages, costs, and reasonable attorney fees.

**Count X:**
**Common Law Trademark Infringement**

80.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 79 as though fully set forth herein.

81.     Greens Steel's activities described above, including, for example, Greens Steel's use of YETI's Rambler Trademarks and/or colorable imitations thereof, including using at least "Rambler," in direct competition with YETI, constitute common law trademark infringement, at least because Greens Steel's use of YETI's Rambler Trademarks, including through reproductions, copies, and/or colorable imitations thereof, is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

82.     YETI's Rambler Trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Rambler Trademarks have become well-known indicators of the origin and quality of YETI's products.   YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's Rambler Trademarks acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof in connection with the infringing products.

83.     Greens Steel's use of YETI's Rambler Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Rambler Trademarks, YETI's products, and YETI.

84.     On information and belief, Greens Steel's use of YETI's Rambler Trademarks, including through reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by Greens Steel's unlawful use of YETI's Rambler Trademarks and/or colorable imitations thereof to sell the infringing products, Greens Steel's infringement of YETI's other rights, and Greens Steel's continuing disregard for YETI's rights.

85.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Greens Steel's profits, punitive damages, costs, and reasonable attorney fees.

## Count XI:
## Common Law Unfair Competition

86.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 85 as though fully set forth herein.

87.     Greens Steel's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Greens Steel's goods, by simulating YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof, including at least "Rambler," in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Greens Steel's infringing products, at least by creating the false and misleading impression that

its infringing products are manufactured by, authorized by, or otherwise associated with YETI. Greens Steel has also interfered with YETI's business.

88.     YETI's trade dress and YETI's Rambler Trademarks are entitled to protection under the common law.   YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's Rambler Trademarks are inherently distinctive.   YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Rambler Trademarks for years in the United States and the State of Texas.   Through that extensive and continuous use, YETI's trade dress and YETI's Rambler Trademarks have become well-known indicators of the origin and quality of YETI's products.   YETI's trade dress and YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress and YETI's Rambler Trademarks acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's trade dress and YETI's Rambler Trademarks in connection with its infringing products.

89.     Greens Steel's use of YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's Rambler Trademarks, YETI's products, and YETI.

90.     On information and belief, Greens Steel's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.   Greens Steel's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Greens Steel's continuing disregard for YETI's rights.

91.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Greens Steel's profits, punitive damages, costs, and reasonable attorney fees.

**Count XII:**
**Common Law Misappropriation**

92.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

93.     Greens Steel's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

94.     YETI created the Rambler® Drinkware covered by YETI's trade dress and YETI's Rambler Trademarks through extensive time, labor, effort, skill, and money.  Greens Steel has wrongfully used YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof, including using at least "Rambler," in competition with YETI and gained a special advantage because Greens Steel was not burdened with the expenses incurred by YETI. Greens Steel has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Greens Steel's infringing products, by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

95.     YETI's trade dress and YETI's Rambler Trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's Rambler Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Rambler Trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's Rambler Trademarks have become well-known indicators of the origin

and quality of YETI's products.  YETI's trade dress and YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Rambler Trademarks acquired this secondary meaning before Greens Steel commenced its unlawful use of YETI's trade dress and YETI's Rambler Trademarks in connection with its infringing products.

96.     Greens Steel's use of YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Rambler Trademarks with YETI and YETI's products.  Moreover, as a result of its misappropriation, Greens Steel has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress and YETI's Rambler Trademarks with YETI and YETI's products.

97.     On information and belief, Greens Steel's misappropriation of YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and YETI's Rambler Trademarks and Greens Steel's continuing disregard for YETI's rights.

98.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Greens Steel's profits, punitive damages, costs, and reasonable attorney fees.

## Count XIII:
## Unjust Enrichment

99.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 98 as though fully set forth herein.

100.     Greens Steel's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Greens Steel has wrongfully obtained benefits at YETI's expense.  Greens Steel has also, *inter alia*, operated with an undue advantage.

101.     YETI created the Rambler® Drinkware covered by YETI's trade dress and YETI's Rambler Trademarks through extensive time, labor, effort, skill, and money.  Greens Steel has wrongfully used and is wrongfully using YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof, including using at least "Rambler," in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Greens Steel has not been burdened with the expenses incurred by YETI, yet Greens Steel is obtaining the resulting benefits for its own business and products.

102.     YETI's trade dress and YETI's Rambler Trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's Rambler Trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's Rambler Trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's Rambler Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and YETI's Rambler Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's Rambler Trademarks acquired this secondary meaning before Greens Steel commenced

its unlawful use of YETI's trade dress and YETI's Rambler Trademarks and colorable imitations thereof in connection with its infringing products.

103.     Greens Steel's use of YETI's trade dress and YETI's Rambler Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's Rambler Trademarks with YETI and YETI's products.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Greens Steel has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

104.     On information and belief, Greens Steel's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Greens Steel's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, and Greens Steel's continuing disregard for YETI's rights.

105.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Greens Steel's profits.

## **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

## **Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Greens Steel has (i) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed YETI's Rambler Trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's

Rambler Trademarks in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's Rambler Trademarks in violation of Tex. Bus. & Com. Code § 16.103; (v) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (vi) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (vii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (viii) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ix) violated YETI's common law rights in YETI's trade dress; (x) violated YETI's common law rights in YETI's Rambler Trademarks; (xi) engaged in common law unfair competition; (xii) engaged in common law misappropriation; and (xiii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Greens Steel was willful;

2.      An injunction against further infringement and dilution of YETI's trade dress and YETI's Rambler Trademarks, and further acts of unfair competition, misappropriation, and unjust enrichment by Greens Steel, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, and/or YETI's Rambler Trademarks, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104, and 35 U.S.C. § 283;

3.      An Order that Greens Steel pay YETI for all profits and damages resulting from Greens Steel infringing activities and that the award to YETI be trebled, as provided for under 15 U.S.C. § 1117, or, at YETI's election, that YETI be awarded statutory damages from Greens Steel in the amount of $2,000,000.00 per counterfeit mark per type of goods sold, as provided by at least 15 U.S.C. § 1117(c);

4.     An Order directing Greens Steel to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

5.     An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or YETI's Rambler Trademarks in Greens Steel's possession or control, (iii) all plates, molds, and other means of making the infringing products in Greens Steel's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Greens Steel's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118

6.     An Order directing Greens Steel to publish a public notice providing proper attribution of YETI's trade dress and YETI's Rambler Trademarks to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled

7.     An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

8.     An award of Greens Steel's profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

9.     Such other and further relief as this Court deems just and proper.

Dated:  January 22, 2020                    Respectfully submitted,


                                            By: /s/ Joseph J. Berghammer
                                            Joseph J. Berghammer (admitted in the Western
                                            District of Texas)
                                            Illinois Bar No. 6273690
                                            jberghammer@bannerwitcoff.com
                                            Michael L. Krashin (admitted in the Western
                                            District of Texas)
                                            Illinois Bar No. 6286637
                                            mkrashin@bannerwitcoff.com
                                            John A. Webb, Jr. (admitted in the Western District
                                            of Texas)
                                            Illinois Bar No. 6321695
                                            jwebb@bannerwitcoff.com
                                            Banner & Witcoff, Ltd.
                                            71 South Wacker Drive
                                            Suite 3600
                                            Chicago, IL 60606-7407
                                            Telephone: (312) 463-5000
                                            Facsimile: (312) 463-5001

                                            **ATTORNEYS FOR YETI COOLERS, LLC**